627 A.2d 771

Lisa Marie WALKER, Appellant,

v.

Dalasini G. FENNELL, S.J. McCants, Allstate Insurance Company and Pennsylvania Financial Responsibility Assigned Claims Plan, Appellees.

Superior Court of Pennsylvania.

Argued April 13, 1993.

Filed July 6, 1993.

470

S. Allen Needleman, Philadelphia, for appellant.

Thomas P. Kelly, Philadelphia, for Pennsylvania Financial, appellees.

Before DEL SOLE, HUDOCK and HOFFMAN, JJ.

DEL SOLE, Judge.

This is an appeal from an order granting Summary Judgment in favor of Appellee, Pennsylvania Financial Responsibility Assigned Claims Plan (the Plan).

The underlying action was instituted by Appellant, a pedestrian who was struck by a motor vehicle insured by Allstate Insurance Company as she walked across the street in a crosswalk. The Allstate vehicle was stopped at the intersection but lunged forward after being struck from behind by an uninsured vehicle. Appellant sought and received first party benefits from Allstate, but was advised that Allstate's insured had waived uninsured motorist coverage. *See* 75 Pa.C.S.A. § 1731. Appellants efforts to collect uninsured motorist coverage culminated in the filing of the underlying action against Allstate and the Plan. The Plan filed a motion for Summary Judgment contending that Appellant did not qualify as an eligible claimant. The trial court concluded that under the provisions of 75 Pa.C.S. § 1752(a)(6), Appellant was not eligible for any benefits from the Plan, and awarded the Plan Summary Judgment. This appeal followed.

The specific statutory provisions governing benefits available under the Assigned Claims Plan are set forth in Subchapter "E", 75 Pa.C.S.A. § 1751 *et seq.* Medical benefits are available to an eligible claimant under § 1753, and additional coverage benefits are set forth in § 1754. Both sections allow for specified types of recovery to those who are an "eligible claimant." The term "eligible claimant" is defined in § 1752 which lists seven requirements which must be met before one will be classified as an eligible claimant. At issue is subsection (a)(6). It provides:

§ **1752. Eligible Claimants**

(a) **General rule.**—A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

. . . . .

(6) Is otherwise not entitled to receive any first party benefits under section 1711 (relating to required benefits) or

1712 (relating to availability of benefits) applicable to the injury arising from the accident.

75 Pa.C.S.A. § 1752(a)(6).

 It is undisputed that Appellant was entitled, and in fact received, first party benefits from Allstate Insurance Co. Thus, as found by the trial court, Appellant does not meet one of the requirements for eligibility set forth in § 1752 since she had available first party benefits from another source. Because both sections 1753 and 1754 expressly limit the Plan's benefits to "an eligible claimant," a plain reading of the statutory provisions denies Appellant relief.

Appellant, nevertheless, contends that such a result should not be reached because it is not in keeping with the purpose of the plan to afford innocent uninsured accident victims some limited means to recover for their damages. Appellant reasons that the changes brought about by Act No. 6 of 1990, Feb. 7, P.L. 11, No. 6 § 9, effective July 1, 1990, which made uninsured motorist coverage optional so that policyholders could reduce their premiums, has resulted in situations such as that present in this case where the insured driver has opted to not carry such coverage. She asserts that the decision of Allstate's insured to waive uninsured motorist coverage leaves her, under the plain reading of § 1752, with no available means of collecting uninsured motorist benefits despite the fact that she was an innocent victim.

 While we recognize Appellant's unfortunate position, the statutory provisions of the Assigned Claims Plan are clear. We are not free to disregard the plain, clear meaning of statutory language under the guise of pursuing its spirit. 1 Pa.C.S.A. § 1921(b). We do note, however, that the trial court refused to discuss, because it was unnecessary, whether Allstate's insured could waive uninsured motorist benefits for a class of claimants such as Appellant; and, we likewise decline to make such ruling. Further, we are unable to determine whether the legislature recognized that the Passage of Act No. 6 of 1990, would potentially lead to the result present in this case. However, unless and until the legislature expressly

alters the provisions set forth in the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 *et seq.,* to provide for a different result, the clear meaning of § 1752 controls the outcome of this case. Because Appellant is entitled to receive first party benefits from Allstate, as the insurer of a motor vehicle involved in the accident, *See* 75 Pa.C.S.A. § 1713(a)(4), and because § 1752 states that an eligible claimant under the Assigned Claims Plan must not be entitled to receive any first party benefits, it is clear that Appellant is not entitled to recover from the Plan and that the court's order must be affirmed.

Order granting Summary Judgment in favor of Appellee, Pennsylvania Financial Responsibility Assigned Claims Plan, is affirmed.