630 A.2d 1263

Roman GUTMAN and Janet Gutman, Individually
and as Husband and Wife, Appellee,

v.

WORLDWIDE INSURANCE COMPANY, Appellee,

v.

AGENCY RENT–A–CAR, Appellant.

Superior Court of Pennsylvania.

Argued June 29, 1993.

Filed Sept. 3, 1993.

James C. Haggerty, Philadelphia, for appellant.

Benjamin E. Zuckerman, West Conshohocken, for World-wide Ins., appellee.

Before DEL SOLE, BECK and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order declaring that Appellant, Agency Rent-A-Car, is primarily liable to pay Appellees, Roman and Janet Gutman's, uninsured motorist benefits, up to the statutory limit, and that Appellee, Worldwide Insurance, is liable for any excess up to its policy limits.

The parties stipulated the relevant facts to the trial court. They agreed that the Gutmans were occupying a car they had rented from Appellant (Agency), a self-insured party in accord with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 *et seq.*, when they were involved in an accident with an uninsured vehicle. The Gutmans were traveling in the Agency vehicle temporarily as a substitute for their own vehicle, which was insured by Appellee (Worldwide).

The Gutmans made claims against both Agency and Worldwide for recovery of uninsured motorist benefits. The trial court's ruling, which found Agency primarily liable for the payment of uninsured motorist benefits, is called into question in this appeal.

■ Agency contends that it, as a self-insurer, is not required to provide coverage for uninsured motorist benefits as a result of Act No. 6 of 1990, Feb. 7, P.L. 11, No. 6, § 9, effective July 1, 1990, which made uninsured motorist coverage optional. It notes that the rental agreement provided that all optional coverages remained the responsibility of the customer and reasoned that since uninsured motorist coverage is now optional the trial court incorrectly ruled that it had an obligation to provide uninsured motorist coverage.

Appellant errs in its conclusion that the provisions of Act No. 6 affect its obligations as a self-insurer to provide uninsured motorist coverage.

In this Commonwealth it is necessary to offer proof of financial responsibility by submitting evidence that either an applicable motor vehicle liability insurance policy exists, a program of self-insurance applies or other reliable financial arrangements which are acceptable to the department have been made. *See* 75 Pa.C.S.A. § 1782. Provisions regarding those who choose to be self-insured are contained in 75 Pa.C.S.A. § 1787. Among the responsibilities detailed, which are required of all self-insurers, is an obligation to provide uninsured motorist coverage. The statute provides:

§ 1787. Self-insurance

(a) General rule. Self-insurance is effected by filing with the Department of Transportation, in satisfactory form, evidence that reliable financial arrangements, deposits, resources or commitments exist such as will satisfy the department that the self-insurer will:

.     .     .     .     .

(3) Provide uninsured motorist coverage up to the limits set forth in section 1774. (Payments sufficient to satisfy judgments.)

While Agency recognizes that § 1787 sets forth a duty on self-insurers to provide uninsured motorist coverage, it argues that these provisions were modified by the enactment of Act No. 6. Because under the new provisions, which were in effect at the time of the Gutmans' accident, the purchase of

uninsured motorist coverage is optional, Agency contends that the duty to provide such coverage is now optional with the self-insurer. We disagree.

As noted by the trial court, the 1990 amendments gave private insurance customers the option of declining uninsured motorist coverage when purchasing insurance. However, Act No. 6 of 1990 does not refer to, nor does it apply to self-insurers. This is clear from language contained therein. The statute requires a mandatory offering of uninsured and under-insured motorist coverages by stating that "No motor vehicle liability insurance policy shall be delivered or issued for delivery . . . unless uninsured motorist and underinsured motorist coverages are offered." 75 Pa.C.S.A. § 1731(a). It further states that the "[p]urchase of uninsured motorist and underinsured motorist coverages is optional." *Id.* By referring to the deliverance, issuance and purchase of policies and coverage, it is evident that this statutory provision does not apply to self-insurers. A self-insurer would not "purchase" uninsured or underinsured motorist coverage. Likewise, with a self-insurer there is no "policy" to deliver or issue. The statute also required those who wish to reject uninsured motorist coverage to sign a particular form, 75 Pa.C.S.A. § 1731(b), and directs that this form be printed in a certain manner and that the signature on the form be witnessed by an insurance agent or broker. 75 Pa.C.S.A. § 1731(c.1). A self-insurer has no agent or broker and no need to sign a waiver form because their is no policy of insurance.

Agency argues that although that statutory waiver provisions may not strictly apply to self-insurers, an examination of the purpose of the 1990 amendments leads to the conclusion that mandatory uninsured motorist coverage should not exist for self-insurers. It reasons that coverages were made optional in order to effectuate cost control and this purpose should apply equally to self-insurers. Agency points to the fact that prior to the amendments self-insurers did not have all of the burdens and requirements imposed on insurers. It maintains that it would be incongruous for the legislature to have relaxed the burdens on insurers by making uninsured motorist

coverage optional and not to have relieved self-insurers of that same obligation. The failure to apply the optional provisions to self-insurers would, according to Agency, impose greater obligations upon self-insurers which could not have been the legislative intent. Clearly, submits Agency, the intent of the legislature in passing the 1990 amendments was to make all uninsured coverage optional.

In analyzing and interpreting a statute, a court has as its goal to ascertain and give effect to the intent of the General Assembly. *Freeze v. Donegal Mutual Ins. Co.*, 412 Pa.Super. 305, 603 A.2d 595 (1992). We are not, however, free to disregard the plain, clear meaning of a statute under the guise of pursuing its spirit. 1 Pa.C.S.A. § 1921(b), *Walker v. Dalasini*, 426 Pa.Super. 469, 627 A.2d 771 (1993).

In this case the statutory provisions are clear. Self-insurers are required to provide a minimum amount of uninsured motorist coverage. Nothing in the 1990 amendments, 75 Pa.C.S.A. § 1731, alters this requirement. We hold that the trial court correctly ruled that uninsured motorist coverage is mandated for self-insurers despite the optional provisions recently enacted for purchasers of liability insurance policies under 75 Pa.C.S.A. § 1713. Any attempt by Agency to avoid this requirement by the inclusion of a contract provision waiving uninsured motorist coverage is invalid since it violates the statutory requirements of a self-insurer. *See* 75 Pa.C.S.A. § 1787(a)(3).

Order affirmed.