Khonesavahn **LONESATHIRATH** et al.

v.

**AVIS RENT A CAR SYSTEM, INC. and Continental Casualty Co.**

**Civil Action No. 95–1624.**

United States District Court, E.D. Pennsylvania.

Oct. 26, 1995.

Daniel J. Siegel, Gay & Chacker, P.C., Philadelphia, PA, Into Bo Champon, Law Offices of Into Champon and Assocs., Anaheim, CA, for plaintiffs.

Thomas F. Reilly, Gallagher, Reilly & Lachat, P.C., Philadelphia, PA, for defendants.

## *MEMORANDUM*

PADOVA, District Judge.

Plaintiffs, the passengers and unauthorized driver of a vehicle rented from Defendant Avis Rent A Car System, Inc. (hereinafter "Avis"), were involved in an accident with another vehicle, in which one Plaintiff was killed and the others seriously injured. Because the tortfeasor was not insured, Plaintiffs seek a declaratory judgment that Defendants must provide to Plaintiffs $1,000,000 in uninsured motorist coverage. Presently before the Court are the parties' cross motions for summary judgment pursuant to Fed. R.Civ.P. 56. For the reasons set out below, I will: (1) enter judgment in favor of Defendants with respect to Plaintiffs' claim that they are entitled to $1,000,000 in uninsured motorist coverage; and (2) enter judgment in favor of Plaintiffs with respect to their claim that Avis is required to provide uninsured motorist coverage to the unauthorized driver.

## I. FACTUAL BACKGROUND

The parties have stipulated to the following relevant facts. Pls.' Mot.Summ.J., Stip. Facts. On July 27, 1993, the Avis branch at Philadelphia International Airport rented a Chevrolet motor vehicle to Kevin Keomanivanh (hereinafter "the renter"). The Rental Agreement which the renter signed states

that, for the purposes of understanding the Agreement's terms, "*I, ME* AND *MY* REFER TO THE PERSON WHO SIGNS THIS AGREEMENT. *YOU* AND *YOUR* REFER TO AVIS." (emphasis in original). At the time he signed the Rental Agreement, the renter accepted and paid an additional charge for Additional Liability Insurance in the amount of $1,000,000. The Rental Agreement states in relevant part:

(WHERE AVAILABLE) I'LL PAY FOR ADDITIONAL LIABILITY INSURANCE COVERAGE IF AVAILABLE AND I ACCEPT IT. THE LIMITS OF LIABILITY PROTECTION WILL BE $1,000,000.00 FOR EACH PERSON FOR BODILY INJURY, DEATH, OR PROPERTY DAMAGE, BUT NOT MORE THAN $1,000,000.00 FOR EACH ACCIDENT, INSTEAD OF THE LIMITS IN THE PRECEDING PARAGRAPH ON LIABILITY INSURANCE. ALL OF THE OTHER TERMS OF THE PRECEDING PARAGRAPH APPLY TO THIS ADDITIONAL COVERAGE.

The "preceding paragraph" referred to above, entitled Liability Insurance, states in relevant part:

ANYONE DRIVING THE CAR AS PERMITTED BY THIS AGREEMENT WILL BE PROTECTED AGAINST LIABILITY FOR CAUSING BODILY INJURY OR DEATH TO OTHERS OR DAMAGING [sic] TO PROPERTY OF SOMEONE OTHER THAN THE DRIVER AND/OR THE RENTER UP TO THE MINIMUM FINANCIAL RESPONSIBILITY LIMITS REQUIRED BY APPLICABLE LAW.... WHERE THE LAW EXTENDS COVERAGE TO A NON-PERMITTED DRIVER, THE SAME LIMITS SHALL APPLY. SUCH COVERAGE WILL BE PROVIDED BY YOU ACCORDING TO THE TERMS, AND SUBJECT TO ALL OF THE CONDITIONS, OF A STANDARD AUTOMOBILE LIABILITY INSURANCE POLICY, INCLUDING ALL REQUIREMENTS AS TO NOTICE AND COOPERATION ON MY PART, WHICH ARE HEREBY MADE A PART OF THIS AGREEMENT. YOU CAN PROVIDE COVERAGE UNDER A CERTIFICATE OF SELF-INSURANCE OR AN INSURANCE POLICY, OR BOTH, AS YOU CHOOSE. IN ANY CASE, A COPY OF THE POLICY AND/OR CERTIFICATE WILL BE AVAILABLE FOR MY INSPECTION AT YOUR MAIN OFFICE. I UNDERSTAND THAT UNLESS REQUIRED BY APPLICABLE LAW, YOU WILL NOT PROVIDE ... (D) SUPPLEMENTARY NO-FAULT, NON-COMPULSORY UNINSURED OR UNDERINSURED MOTORIST COVERAGE.... WHERE ANY OF THESE COVERAGES ARE REQUIRED OR IMPLIED BY LAW, THE LIMITS SHALL BE THE MINIMUM REQUIRED UNDER THE APPLICABLE STATUTE.

The Additional Liability Insurance was provided by Defendant Continental Insurance Co. (hereinafter "Continental"). Continental issued a policy to Avis, and Avis, in turn, would enter into agreements with renters who would purchase the coverage on a case-by-case basis. At the time the renter signed the Rental Agreement, he was not given a copy of the Continental policy issued to Avis; the policy, however, was available for inspection at Avis' main office. Avis had prepared a brochure outlining the Additional Liability Insurance coverage, but that brochure was not part of the Rental Agreement or the Rental Agreement jacket.

At all times relevant to this case, Avis was a self-insured entity, and as such was required to provide automobile coverage consistent with the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.Cons.Stat.Ann. §§ 1701–1799.7. The vehicle rented in this case was self-insured by Avis pursuant to § 1787 of the MVFRL.

On or about August 1, 1993, the rental vehicle was involved in an accident in Florida, in which one occupant was killed and the other occupants were seriously injured. The individual who was driving the rental vehicle when the accident occurred (hereinafter "the unauthorized driver") was neither defined as a person who could drive the vehicle under the Rental Agreement, nor listed and paid for as an additional driver. At the time he

rented the vehicle, the renter did not advise Avis that any other individual would be driving the rental vehicle.

Plaintiffs in this action are the unauthorized driver, the estate of the deceased passenger, and the other passengers in the rental car at the time of the accident.[1] Because the tortfeasor (the driver of the other vehicle) was uninsured, Plaintiffs seek a declaratory judgment from the Court that Defendants are obligated to provide Plaintiffs with $1,000,000 in uninsured motorist coverage. Defendants argue that under the applicable sections of the MVFRL, 75 Pa.Cons.Stat. Ann. §§ 1787, 1774 (West Supp.1995), Avis is only required to provide uninsured motorist coverage in the amount of $15,000 per person and $30,000 per accident to the passengers in the car. Defendants also argue that Avis is under no obligation to provide uninsured motorist coverage to the unauthorized driver.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

An issue is "genuine" only if there is sufficient evidence with which a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Furthermore, bearing in mind that all uncertainties are to be resolved in favor of the nonmoving party, a factual dispute is only "material" if it might affect the outcome of the case. *Id.*

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

## III. DISCUSSION

### A. Plaintiffs' Claim for $1,000,000 in Uninsured Motorist Coverage

Plaintiffs advance a multi-step argument in support of their contention that Defendants are obligated to provide them with $1,000,000 in uninsured motorist benefits. First, the renter accepted and paid for $1,000,000 of Additional Liability Coverage. Second, the Rental Agreement states that Avis would provide additional liability coverage to the renter "subject to all the conditions of a standard automobile liability insurance policy, including requirements as to notice and cooperation on my part, which are hereby made a part of this agreement." Pls.' Mot.Summ.J., Stip. Facts, at 3. Third, by this language, Avis waived its status as a self-insurer, and agreed to comply with the provisions of the MVFRL applicable to entities which issue motor vehicle liability insurance policies. Fourth, § 1731(a)[2] of the

---

1. The renter was not present at the time of the accident, and is not a plaintiff in this lawsuit. Defs.' Mem.Supp.Summ.J. at 2.

2. Section 1731(a) of the MVFRL provides:
   (a) Mandatory offering.—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and underinsured motorist coverages is optional.
   75 Pa.Cons.Stat.Ann. § 1731(a) (West Supp. 1995).

MVFRL mandates that all motor vehicle insurance policies offer uninsured and underinsured motorist coverage for optional purchase. Fifth, unless the insured signs a form containing the rejection language specified in § 1731(b.1),[3] or submits a written request to lower that coverage pursuant to § 1734,[4] the uninsured or underinsured motorist coverage must equal the policy's bodily injury coverage. *See* § 1731(c.1);[5] *Nationwide Ins. Co. v. Resseguie*, 980 F.2d 226, 231 (3d Cir.1992) (holding that an insurance company's obligation to issue a policy with uninsured motorist coverage in an amount equal to the policy's bodily injury liability coverage is not relieved unless the insurer has received a waiver in accordance with the provisions of the MVFRL); *DeSilva v. Kemper Nat'l Ins. Co.*, 837 F.Supp. 98, 101–102 (E.D.Pa.1993) (same); *Botsko v. Donegal Mutual Ins. Co.*, 423 Pa.Super. 41, 620

A.2d 30, 31–33 (same), *alloc. denied*, 536 Pa. 624, 637 A.2d 284 (1993). Seventh, Avis did not obtain from the renter either a valid rejection or written request to lower the uninsured motorist coverage as required by §§ 1731 and 1734, respectively. Through this series of steps, Plaintiffs arrive at the conclusion that Avis must provide to them uninsured motorist benefits in an amount equal to the bodily injury coverage which the renter purchased as part of the Rental Agreement—the $1,000,000 in Additional Liability Coverage.

Defendants contend that the only MVRFL provision to which Avis is subject is § 1787,[6] because Avis is a self insurer. Section 1787, in turn, requires self insurers to provide uninsured motorist coverage up to the limits set forth in § 1774,[7] which are $15,000 per

---

3. Section 1731(b.1) of the MVFRL provides in pertinent part:

> (b.1) Limitation of rejection.—.... Uninsured motorist protection may be rejected for the driver and passengers for rental or lease vehicles which are not otherwise common carriers by motor vehicle, but such coverage may only be rejected if the rental or lease agreement is signed by the person renting or leasing the vehicle and contains the following rejection language:
> REJECTION OF UNDERINSURED MOTORIST PROTECTION
> I am rejecting uninsured motorist coverage under this rental or lease agreement, and any policy of insurance or self-insurance issued under this agreement, for myself and all other passengers of this vehicle. Uninsured coverage protects me and other passengers in this vehicle for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages.
> 75 Pa.Cons.Stat.Ann. § 1731(b.1) (West Supp. 1995).

4. § 1734. Request for lower limits of coverage.

> A named insured may request in writing the issuance of coverages under section 1731 (relating to availability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury.
> 75 Pa.Cons.Stat.Ann. § 1734 (West Supp. 1995).

5. Section 1731(c.1) provides in pertinent part:

> (c.1) Form of waiver.— ... If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case

may be, under that policy shall be equal to the bodily injury liability.
75 Pa.Cons.Stat.Ann. § 1731(c.1) (West Supp. 1995).

6. Section 1787 provides in pertinent part:

> (a) General rule.—Self-insurance is effected by filing with the Department of Transportation, in satisfactory form, evidence that reliable financial arrangements, deposits, resources or commitments exist such as will satisfy the department that *the self-insurer will*:
> (1) Provide the benefits required by section 1711 (relating to required benefits), subject to the provisions of Subchapter B (relating to motor vehicle liability insurance first party benefits), except the additional benefits and limits provided in sections 1712 (relating to availability of benefits) and 1715 (relating to availability of adequate limits).
> (2) Make payments sufficient to satisfy judgments as required by section 1774 (relating to payments sufficient to satisfy judgments).
> (3) *Provide uninsured motorist coverage up to the limits set forth in section 1774.*
> 75 Pa.Cons.Stat.Ann. § 1787 (West Supp.1995) (emphasis added).

7. Section 1774 provides in relevant part:

> (a) General rule.—For the purpose of this chapter only, judgments shall be deemed satisfied upon the occurrence of one of the following:
> (1) When $15,000 has been credited upon any judgment or judgments rendered in excess of that amount because of injury to one person as the result of any one accident.
> (2) When $30,000 has been credited upon any judgment or judgments rendered in excess of that amount because of injury to two

person and $30,000 per accident. I agree with Defendants' contention that the Pennsylvania Superior Court's holding in *Gutman v. Worldwide Ins. Co.*, 428 Pa.Super. 309, 630 A.2d 1263 (1993) is dispositive on the issue of which MVFRL provisions apply to self insurers such as Avis. Moreover, I predict that the Supreme Court of Pennsylvania would follow the *Gutman* rule.

In *Gutman*, the court rejected the Defendant-rental car agency's argument that under § 1731, the agency was not required to provide uninsured motorist benefits. *Id.*, 630 A.2d at 1264-65. The *Gutman* court held that the 1990 amendments to the MVFRL, which modified § 1731[8] to make the purchase of uninsured motorist coverage optional, did not apply to the agency because it was a self insurer. *Id.* at 1265. Instead, the court affirmed that a self insurer is governed by § 1787 and, therefore, is mandated to provide such coverage. *Id.* Thus, any waiver provision for uninsured motorist coverage which a self insurer inserts in a rental agreement is invalid. *Id.*

Plaintiffs' argument fails because they claim that Avis is liable precisely because the Avis Rental Agreement did not include the waiver provision which the *Gutman* court found would be void as a matter of law. Therefore, the cases cited by Plaintiffs, which hold that absent a proper waiver the uninsured motorist coverage must equal the policy's bodily injury coverage, are not controlling in this action. Those cases only apply to entities which deliver or issue policies, and

"with a self insurer there is no 'policy' to deliver or issue." *Id.*

I accept Defendants' assertion that the Additional Liability Insurance offered by Avis to the renter in the Rental Agreement was not a "motor vehicle liability insurance policy" subject to §§ 1731 and 1734 of the MVFRL. As Plaintiffs acknowledge, the policy issued by Continental to Avis is an "excess policy" which allowed Avis to offer excess coverage to renters on a case-by-case basis; excess policies are not subject to any provision of the MVFRL. Tr., Oral Argument, 8/21/95, at 8. *See Electric Ins. Co. v. Rubin*, 32 F.3d 814, 818 (3d Cir.1994) (predicting that the Pennsylvania Supreme Court would not hold that an excess policy is subject to the MVFRL).[9]

I also find as a matter of contract interpretation that Avis did not waive its status as a self insurer and take on the statutory duties of an entity which issues insurance policies. Contract interpretation is a question of law for the court. *Gen. Ins. Co. of Am. v. Eastern Consol. Utils., Inc.*, Civ.A. No. 94-4388, 1995 WL 428685, at *4 (E.D.Pa. July 18, 1995) (citation omitted); *Katona v. Consol. Rail Corp.*, Civ.A. No. 89-8753, 1991 WL 3474, at *2 (E.D.Pa. Jan. 8, 1991) (citation omitted). The Rental Agreement states that Avis would provide additional liability coverage to the renter "subject to all the conditions of a standard automobile liability insurance policy, including all requirements as to notice and cooperation on *my* part, which are hereby made a part of this agreement." Pls.' Mot.Summ.J., Stip. Facts, at 3

---

or more persons as the result of any one accident.
75 Pa.Cons.Stat.Ann. § 1774 (West Supp. 1995).

8. Although § 1734 was not specifically discussed in *Gutman*, it is relevant for the purposes of the instant case to note that Act 6 also amended § 1734 to its present wording.

9. Plaintiffs do not contend that Continental itself directly issued an insurance policy to the renter, or that Continental can be held liable to Plaintiffs even if this Court finds that Avis is not liable. Tr., Oral Argument, 8/21/95 at 8, 12. Instead, Plaintiffs specifically state that
.... The language of the Rental Agreement requires Avis to comply with the notice and waiver portions of the MVFRL and that Conti-

nental is liable to the plaintiffs only if the Court determines that, by virtue of the Rental Agreement, Avis has obligated Continental to provide the benefits.
Whether the Continental policy is critical to that determination is a different question. *Even if Continental's policy does not have to provide the uninsured motorist coverage at issue, Avis remains obligated to provide the coverage. In fact, the original complaint in this matter was filed with only Avis as a defendant and the Amended Complaint was filed at Avis' behest to address any alleged coverage issue.*
Pls.' Mem.Supp.Ans. to Defs.' Mot.Summ.J. at 11–12 n. 3 (emphasis in original).

(emphasis added). In the context of the holding in *Gutman* interpreting the MVFRL, Plaintiffs' contention that by this language Avis relinquished its self insurer status and expressed its intent to be bound by the notice and waiver requirements of §§ 1731 and 1734 is untenable. As Plaintiffs concede, the "my" clearly refers to the renter, not Avis. Tr., Oral Argument, 8/21/95, at 19. Thus, the clause did nothing more than obligate the renter to notify and cooperate with Avis in the event that the renter was involved in an accident with the rental car.[10]

For these reasons, with respect to Plaintiffs' claim that Defendants must provide them with $1,000,000 in uninsured motorist coverage, I will deny Plaintiffs' Motion, grant Defendants' Motion, and enter judgment for Defendants.

**B. Plaintiffs' Claim that Avis Must Provide Uninsured Motorist Coverage to the Unauthorized Driver**

[redacted] Defendants acknowledge Avis' obligation pursuant to § 1787 to provide uninsured motorist coverage of $15,000 per person and $30,000 per accident to the passengers in the car. However, they argue that, contrary to Plaintiffs' contention, Avis is not required to provide uninsured motorist benefits to the unauthorized driver.

As noted above, the parties have stipulated that: (1) the renter did not advise Avis that any other individual would be driving the rental vehicle; and (2) the unauthorized driver was neither defined as a person who could drive the vehicle under the Rental Agreement, nor listed and paid for as an additional driver. Pls.' Mot.Summ.J., Stip. Facts, at 2. Defendants point to that section of the Rental Agreement entitled Liability Insurance, which states that "ANYONE DRIVING THE CAR AS PERMITTED BY THIS AGREEMENT WILL BE PROTECTED AGAINST LIABILITY FOR CAUSING BODILY INJURY OR DEATH TO OTHERS." *Id.* at 3. Thus, because the driver was not authorized, and because the Rental Agreement limits liability coverage to those driving the vehicle "as permitted by this agreement," Avis argues that it is not obligated to provide uninsured motorist benefits to the unauthorized driver. In support of this argument, Defendants cite *Searfoss v. Avis Rent–A–Car Systems, Inc.*, 349 Pa.Super. 482, 503 A.2d 950, 952–53 (1986) (affirming denial of liability coverage to underage driver of rental car because he was not a permitted driver under rental agreement).

Plaintiffs rebut that the Rental Agreement excluded liability coverage for an unauthorized driver; the Agreement did not exclude uninsured motorist coverage for an unauthorized driver. Plaintiffs assert that the failure to specifically exclude uninsured motorist coverage for unauthorized drivers must be strictly construed against Avis, the drafter of the Rental Agreement. *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983) (citation omitted); *Madison Constr. Co. v. Harleysville Ins. Co.*, No. 4329 Phila.1994, 1995 WL 562297 (Pa.Super.Ct.1995), at *5. I agree. Moreover, I accept Plaintiffs' argument that Defendants' reliance on *Searfoss* is misplaced. *Searfoss*, 503 A.2d at 951, involved the denial of liability coverage, and not uninsured motorist coverage, to an unauthorized driver, and therefore is inapplicable to the instant situation.

Section 1787 requires a self insurer to provide a statutory minimum of uninsured motorist coverage. The purpose behind requiring such coverage is to ensure that those injured in a car accident will be compensated for their injuries even if the tortfeasor is uninsured. *Cf. Nationwide Mutual Ins. Co. v. Hampton*, 935 F.2d 578, 584 (3d Cir.1991) (citation omitted) (noting that purpose of Pennsylvania's Uninsured Motorist Act in requiring insurers to provide uninsured motor-

10. Plaintiffs acknowledge that if this Court finds that the language of the Rental Agreement did not obligate Avis to follow the requirements of §§ 1731 and 1734 of the MVFRL, then Defendants would be entitled to summary judgment. Tr., Oral Argument, 8/21/95, at 4–5. Because I make this finding and partially base my judgment in favor of Defendants on it, I do not reach the other arguments which Defendants advance in support of their motion for summary judgment.

ist coverage is to ensure that insured would recover damages he would have received if tortfeasor had liability insurance). Section 1787 does not distinguish between passengers and unauthorized drivers, and I conclude that it would defeat the statute's purpose to hold otherwise.

Therefore, with respect to Plaintiffs' claim that Avis is obligated to provide uninsured motorist coverage to the unauthorized driver, I will grant Plaintiffs' Motion, deny Defendants' Motion, and enter judgment in favor of Plaintiffs to the extent that Avis must provide uninsured motorist coverage to all Plaintiffs in the amount of $15,000 per person and $30,000 per accident.

An appropriate order follows.

### ORDER

AND NOW, this 24th day of October, 1995, upon consideration of Plaintiffs' (document no. 10) and Defendants' (document no. 11) Motions for Summary Judgment pursuant to Fed.R.Civ.P. 56, and Plaintiffs' (document no. 12) and Defendants' (document no. 13) Responses thereto, and all accompanying papers, and after oral argument held before this Court on August 21, 1995,

IT IS HEREBY ORDERED that Plaintiffs' and Defendants' Motions are GRANTED IN PART and DENIED IN PART as follows:

1. With respect to Plaintiffs' claim that Defendant Avis Rent a Car System, Inc. must provide $1,000,000 in uninsured motorist benefits to Plaintiffs, judgment is entered for Defendants and against Plaintiffs.

2. With respect to Plaintiff Noupith Lonesathirath's claim that Defendant Avis Rent a Car System, Inc. must provide him with uninsured motorist coverage, judgment is entered for Plaintiff and against Defendants.