## Mikula v. Ford Motor Co.

*John P. Vetica,* for plaintiff.
*Anthony J. Williott,* for defendant.

WETTICK JR., *J.,* November 22, 1995—Defendant Ford Motor Company's motion for summary judgment is the subject of this opinion and order of court.

Plaintiff purchased a new Ford from an automobile dealer located in Bethesda, Maryland. Plaintiff was a Pennsylvania resident when she purchased this car. Plaintiff arranged for the vehicle to be registered and insured under the laws of Pennsylvania at the time of the purchase. For purposes of Ford's summary judgment motion, I assume that the Maryland dealer knew that the car was being sold to a Pennsylvania resident and assisted plaintiff in obtaining a Pennsylvania registration.

Plaintiff alleges that within approximately six months after purchasing the car, she began to experience difficulties with the operation of the car for which she obtained service from a Pittsburgh Ford dealer. On nu-

merous occasions, she returned the car to the dealer for additional service. The problems continued and plaintiff instituted this lawsuit to obtain relief pursuant to section 8 of the Pennsylvania Automobile Lemon Law, Act of March 28, 1984, P.L. 150, 73 P.S. §1958. This provision permits any "purchaser" of a "new motor vehicle" who suffers any loss due to nonconformity of such vehicle as a result of the manufacturer's failure to comply with this Act to bring a civil action against the manufacturer.

Ford seeks summary judgment on the ground that the Lemon Law does not apply to vehicles purchased outside of Pennsylvania. Ford contends that the clear language of various provisions within the Lemon Law supports its position.

Plaintiff, on the other hand, contends that the Lemon Law should be construed by focusing on the law's purposes. The Lemon Law was enacted to protect Pennsylvania consumers who purchase new vehicles that fail to operate properly and cannot be repaired after a reasonable number of attempts. There is no reason why the legislature would penalize a Pennsylvania consumer who crossed state lines to obtain a more competitively priced automobile. Since the Lemon Law permits purchasers to sue only the manufacturers and not the local dealers, it should make no difference where the Pennsylvania resident purchased the vehicle.

I agree with plaintiff that there are no obvious reasons for excluding a Pennsylvania resident who purchases a new vehicle out-of-state from the protections of the Lemon Law, particularly since the state in which the Pennsylvania resident purchased the vehicle is likely to provide Lemon Law protection under its laws only to its residents. However, I also agree with Ford that

the language of the Lemon Law that I will subsequently discuss clearly and unambiguously supports its position.

While the object of the construction of legislation is to effectuate the intention of the General Assembly (1 Pa.C.S. §1921(a)), where the words of a statute are clear and free from all ambiguity a court must assume that these words express the legislative intent. 1 Pa.C.S. §1921(b); *Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 59, 213 A.2d 277, 282 (1965); *Walker v. Fennell,* 426 Pa. Super. 469, 472, 627 A.2d 771, 773 (1993). A court cannot construe a statute by looking to the apparent purpose for the statute unless the language of the statute is susceptible to more than one meaning. *McClellan v. Health Maintenance Organization,* 442 Pa. Super. 504, 511, 660 A.2d 97, 100 (1995); *Borough of Glendon v. Department of Environmental Resources,* 145 Pa. Commw. 238, 255-56, 603 A.2d 226, 235 (1992). Consequently, in deciding the applicability of the Lemon Law to an out-of-state purchase by a Pennsylvania resident, I am bound by the clear and unambiguous language of the Lemon Law.

The Lemon Law creates a civil cause of action for any "purchaser" of a "new motor vehicle" who suffers any loss due to nonconformity of the vehicle as a result of the manufacturer's failure to comply with the law. 73 P.S. §1958. The law defines a "purchaser" as follows:

" *'Purchaser.'* A person, or his successor or assigns, who has obtained ownership of a new motor vehicle by transfer or purchase or who has entered into an agreement or contract for the purchase of a new motor vehicle which is used or bought for use primarily for personal, family or household purposes." 73 P.S. §1952.

The law defines "new motor vehicle" as follows:

" *'New motor vehicle.'* Any new and unused self-propelled, motorized conveyance driven upon public

roads, streets or highways which is designed to transport not more than 15 persons, which was purchased and is registered in the Commonwealth and is used or bought for use primarily for personal, family or household purposes, including a vehicle used by a manufacturer or dealer as a demonstrator or dealer car prior to its sale. The term does not include motorcycles, motor homes or off-road vehicles." *Id.*

Since the Lemon Law protects only purchasers of new motor vehicles, any person suing under the Lemon Law must establish that the vehicle which was purchased comes within the Lemon Law's definition of "new motor vehicle." Ford contends that under the law's definition of "new motor vehicle," a plaintiff's vehicle must meet the following three requirements: (1) the vehicle was purchased in the Commonwealth, (2) the vehicle is registered in the Commonwealth, and (3) the vehicle is used or bought for use primarily for personal, family or household purposes. Plaintiff, on the other hand, contends that the three requirements are as follows: (1) the vehicle is purchased, (2) the vehicle is registered in the Commonwealth, and (3) the vehicle is used or bought for use primarily for personal, family or household purposes.

For several reasons, the Lemon Law must be read in the manner which Ford proposes. First, the phrase "in the Commonwealth" applies to the purchase and to the registration because if the legislature had intended for the phrase "in the Commonwealth" to apply only to registration, the relevant portion of the definition of "new motor vehicle" would have read as follows: "which was purchased, is registered in the Commonwealth and is used or bought for use primarily for personal, family or household purposes."

The legislature would not have used the word "and" between the first requirement ("which was purchased") and the second requirement ("is registered in the Commonwealth"), and also between the second requirement ("is registered in the Commonwealth") and the third requirement ("is used or bought for use primarily for personal, family or household purposes"). For example, the definition of new motor vehicle refers to use primarily for "personal, family *or* household purposes" rather than for "personal *or* family *or* household purposes." (emphasis added)

Second, in construing a statute, a court shall presume that the legislature would not include language that is surplusage. *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 244 A.2d 1 (1968); *Commonwealth v. Reeb,* 406 Pa. Super. 28, 593 A.2d 853 (1991); *Habecker v. Nationwide Insurance Co.,* 299 Pa. Super. 463, 445 A.2d 1222 (1982). In construing a statute, it is presumed that every word is intended for some purpose and must be given effect. *Commonwealth v. Driscoll,* 485 Pa. 99, 401 A.2d 312 (1979); *Wolfe v. PennDOT,* 24 Pa. Commw. 261, 355 A.2d 600 (1976).

Under Ford's construction of "new motor vehicle," the words "which was purchased" have a purpose; they are part of a clause imposing a requirement that the purchase and the registration occur in the Commonwealth. Under plaintiff's construction of "new motor vehicle," the words "which was purchased" are surplusage; other provisions in the Lemon Law provide remedies only to a "purchaser" which is a defined term that includes persons who obtain ownership of a new motor vehicle by purchase.

Third, a civil cause of action under the Lemon Law does not arise until the manufacturer has failed to repair

or correct a nonconformity pursuant to repair obligations set forth at 73 P.S. §1954(a) which reads as follows:

*"Section 1954. Repair obligations*

*"(a) Repairs required.—The manufacturer of a new motor vehicle sold and registered in the Commonwealth* shall repair or correct, at no cost to the purchaser, a nonconformity which substantially impairs the use, value or safety of said motor vehicle which may occur within a period of one year following the actual delivery of the vehicle to the purchaser, within the first 12,000 miles of use or during the term of the warranty, whichever may first occur." (emphasis added)

The legislature would not have included the term "sold" unless its purpose was to restrict repair obligations to vehicles that were both sold and registered in the Commonwealth. An argument that the term "sold" was included to make it clear that the repair obligation extended only to vehicles that were sold ignores the following defined terms that are used in this subsection: "manufacturer;" "new motor vehicle;" and "purchaser." This is a carefully written piece of legislation that would not have introduced an undefined term within the provision that triggers the cause of action set forth in 73 P.S. §1958.

There is no merit to plaintiff's contention that 73 P.S. §1960(a) supports her position that the legislature was concerned with sales to Pennsylvania residents no matter where they occurred. This provision states that a vehicle which has been returned under this Lemon Law or a similar statute of another state may not be resold in this state except under certain conditions. Its purpose is to protect Pennsylvania consumers who purchase new vehicles in Pennsylvania by prohibiting manufacturers from bringing into Pennsylvania vehicles that were returned to the manufacturer in another state

because they did not conform to the manufacturer's express warranty and the nonconformity was not cured within a reasonable time.

For these reasons, I enter the following order of court:

## ORDER

On November 22, 1995, it is hereby ordered that defendant's motion for summary judgment is granted and a judgment is entered in defendant's favor dismissing plaintiff's complaint.