OPINION OF THE COURT
Richard D. Huttner, J.
In this CPLR article 78 proceeding petitioner seeks relief in the nature of mandamus to compel respondent to provide to the New York State Department of Health (the Department) certain adoption information specified in Public Health Law § 4138-b to enable the Department to fulfill its statutory mandate to administer the Adoption Information Registry established pursuant to Public Health Law § 4138-b
Respondent claims, inter alla, that the proceeding is time barred pursuant to CPLR 217 and that insofar as Public Health Law §§ 4138-b, 4138-c and 4138-d relate to adoptions that occurred prior to August 8, 1983, those provisions are violative of the constitutionally protected privacy rights of the persons involved, and of the Due Process and Equal Protection Clauses of the Constitution. Respondent further claims that Public Health Law §§ 4138-b, 4138-c and 4138-d are unconstitutionally vague and insufficiently worded to ensure that the actual identity of the biological parents is safeguarded.
The statute challenged is the Legislature’s thoughtful response to the changing attitudes and values engendered by the organized effort of adult adoptees who, beginning in the 1970’s, sought access to information about their historical and biological origins. The rise of adoptee activist organizations dedicated to the abolition of sealed records laws prompted New York and other State Legislatures to wrestle with the dilemma posed by adoptees’ demand for information contained in sealed adoption records which could shed light on their biological destinies, and the right of privacy traditionally accorded the biological parents. (See, Unsealing Adoption Records: The Right to Know Versus the Right to Privacy, 1986 Annual Survey of American Law, 645.) The resulting New York statute mandating the establishment of an adoption information registry continues the policy of protecting the privacy rights of the biological parents while furnishing non-identifying information to adoptees.
The court agrees with respondent that it is the public policy *820 of this State to preserve the confidentiality of all parties to adoptions: the biological parents, the adoptive parents and the adoptee, and the Court of Appeals reaffirmed that policy in its recent decision, Golan v Wise Servs. (69 NY2d 343).
The Legislature was obviously sensitive to the policy of ensuring confidentiality, and mindful of the delicate balancing required by any legislative effort which would enable an adult adoptee to acquire information about his or her past without divulging the identity of the biological parents. (See, NY Assembly mem in support of S 4927-B, July 26, 1983.)
Public Health Law §§ 4138-b, 4138-c, 4138-d would make available only such information as would be required to satisfy an adult adoptee’s need to know about his origins, while safeguarding the actual identity of the biological parents unless their consent to disclosure was obtained. (Public Health Law § 4138-b [6].) Although Public Health Law § 4138-b (4) requires that the names of biological parents be released to the Department for purposes of maintaining the registry, their names may not be disclosed to the adoptee (or anyone else) absent consent, and any violation by an employee of the Department would be subject to criminal and civil penalties. (Public Health Law § 4138-b [7].) These penalty provisions are clearly intended to deter any unauthorized disclosure contained in the Adoption Information Registry. (See, mem of Dept of Health, 1985 McKinney’s Session Laws of NY, at 2947, 2948.)
Moreover, Public Health Law § 4138-b (1) mandates the commissioner to promulgate rules and procedures designed to preserve the confidentiality of the records. In accordance therewith, 10 NYCRR 35.6 (a) provides that all information gathered in the registry shall be filed and stored in areas clearly set off and physically separate from other areas, with access restricted to employees designated by the commissioner. The rules and regulations also prohibit transportation or removal of records and information maintained in the registry. (10 NYCRR 35.6 [b].)
Having presided over countless adoption proceedings while a Judge of the Family Court, this court empathizes with respondent in the personal role he feels he played in effecting the adoptions over which he presided, and in his reluctance to unseal adoption records which he believed would forever protect the privacy of biological parents. However, any assurances which respondent may have conveyed to the biological *821 parents would not have been absolute even prior to enactment of Public Health Law § 4138-b, in view of the provision contained in Domestic Relations Law § 114 permitting access to adoption records upon a showing of good cause. In Matter of Walker (64 NY2d 354, 360), the Court of Appeals observed that the policy of preserving the confidentiality of adoptions which became mandatory in 1938 with the enactment of Domestic Relations Law § 114 has been reinforced by subsequent amendments. Indeed the court there implicitly ruled that by enactment of Public Health Law § 4138-b the Legislature continued the policy of confidentiality in that the statute creating the Adoption Information Registry contains "carefully constructed safeguards limiting the disclosure of identities.” (Matter of Walker, supra, at 361.) This pronouncement by the Court of Appeals tends to vitiate any claim by respondent that the statute is unconstitutional. Indeed, the statute provides only for disclosure of those characteristics of the biological parents which would provide adoptees with physical and historical information about their biological parents without disclosing their identities, and the items of information, the release of which the statute authorizes, can be neutralized or made less specific to effectuate the policy of protecting the identity of the biological parents.
It is, of course, hornbook law that statutes are presumed valid and constitutional (see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 150), and one claiming unconstitutionality bears a heavy burden in rebutting that presumption. Respondent herein has failed to rebut the presumption. Moreover, I find respondent’s assertion that the matter is time barred to be without merit.
In view of the foregoing, the petition is granted.