■ In the Matter of CYNTHIA S. LEFEVRE, Appellant, v STATE OF NEW YORK DEPARTMENT OF HEALTH, Respondent.— Appeal from a judgment of the Supreme Court (Smyk, J.), entered February 6, 1992 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for information concerning her adoption.

Although Public Health Law § 4138-b (4) requires that the names of a child's biological parents be released to respondent for purposes of maintaining its Adoption Information Registry, their names or any other "identifying information" may not be disclosed to anyone including the adoptee absent the biological parents' consent (Public Health Law § 4138-b [6]). Such consent was not present in this case. The statute also provides that any violation by respondent's employees in this regard subjects them to criminal and civil penalties (Public Health Law § 4138-b [7]). The policy of this State to preserve the confidentiality of the adoption process has continually been reiterated by both the courts and the Legislature (see, e.g., Golan v Wise Servs., 69 NY2d 343). As the Court of Appeals has stated, in creating the registry the Legislature included "carefully constructed safeguards limiting the disclosure of identities" (Matter of Walker, 64 NY2d 354, 361; see, Axelrod v Laurino, 145 Misc 2d 818). Under the circumstances of this case, Supreme Court's decision denying petitioner's request to release identifying information on her biological family must be upheld. Petitioner's remaining contentions have been considered and rejected as being without merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.