653 A.2d 1254

**In re PETITION TO RELEASE ADOPTION RECORDS PURSUANT TO 23 PA.C.S. 2905.**

**Appeal of Jo Ann KASPAREK.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1994.

Filed Jan. 31, 1995.

274

L. Abraham Smith, Greensburg, for appellant.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

In this appeal from an order furnishing limited information to an adoptee pursuant to 23 Pa.C.S. § 2905(b), we are asked to decide whether additional information could have been disclosed without endangering the anonymity of the biological parents.

Joann Lehman, having been born on January 25, 1958, was adopted by Robert and Marjorie Lehman by decree entered April 4, 1962, in the Orphans' Court of Westmoreland County.

When she subsequently was married, she took the name of her husband and became known as Jo Ann Kasparek.

On February 11, 1994, Jo Ann Kasparek filed a petition requesting that the Court release all information regarding her adoption which would not reveal the identity of her birth parents. The court made an in camera review of the record in the adoption case and, by order dated February 11, 1994, divulged the following information:

1. That the Petitioner's natural mother was twenty-one (21) years old at the time of the adoption and was a member of the Catholic church; and

2. That the Petitioner's natural father was over the age of twenty-one at the time of the adoption and was a member of the Presbyterian church.

To disclose any further information, the court held, would endanger the anonymity of the biological parents. Kasparek appealed. She contends that additional information can be released without endangering the anonymity of her biological parents.

 "Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court." *Foflygen v. R. Zemel, M.D. (PC)*, 420 Pa.Super. 18, 28, 615 A.2d 1345, 1350 (1992), *allocatur denied*, 535 Pa. 619, 629 A.2d 1380 (1993). See also: *Jenkins v. Hospital of Medical College of Pennsylvania*, 535 Pa. 252, 259, 634 A.2d 1099, 1102 (1993); *Adoption of G.M.*, 484 Pa. 24, 27, 398 A.2d 642, 643 (1979); *Appeal of Gannon*, 428 Pa.Super. 349, 360, 631 A.2d 176, 181 (1993). "A final order is one which ends the litigation or, alternatively, disposes of the entire case." *Schwartz v. Schwartz*, 411 Pa.Super. 282, 284, 601 A.2d 349, 351 (1992). See also: *Jenkins v. Hospital of Medical College of Pennsylvania, supra* at 259, 634 A.2d at 1102; *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977); *In Interest of K.B.*, 432 Pa.Super. 586, 589, 639 A.2d 798, 800 (1994). The appealability of an order goes to the jurisdiction of the court and may be raised by the court sua sponte. See: *Weir v. Weir*, 428 Pa.Super. 515, 519–520, 631 A.2d 650, 652

(1993); *Fetter v. Schwartz*, 412 Pa.Super. 152, 153–154, 602 A.2d 1354, 1355 (1992); *Drohan v. Sorbus, Inc.*, 401 Pa.Super. 29, 34, 584 A.2d 964, 966 (1990); *Jonas v. Wiesmeth Const. Co.*, 360 Pa.Super. 173, 176, 520 A.2d 40, 41 (1987). The trial court's order disclosing limited information regarding appellant's adoption effectively ended the litigation in the trial court with respect to appellant's petition and prevented the disclosure of further information. We conclude, therefore, that the order was final for purposes of appeal.

█ The Pennsylvania Adoption Act, 23 Pa.C.S. § 2101 et seq., provides generally that adoption records shall be "withheld from inspection except on an order of court granted upon cause shown". 23 Pa.C.S. § 2905(a). On December 12, 1984, Section 2905 of the Act was amended to provide, in part, as follows:

> **(b) Petition to court for limited information.**—Upon petition by any adoptee at least 18 years of age or, if less than 18, his adoptive parent or legal guardian to the court in the judicial district in which the permanent records relating to the adoption have been impounded, the court shall furnish to the adoptee as much information concerning the adoptee's natural parents as will not endanger the anonymity of the natural parents. The information shall first be reviewed, in camera, by the court to insure that no information is revealed which would endanger the anonymity of the natural parents. The court shall, upon motion of the adoptee, examine the entire record to determine if any additional information can safely be revealed without endangering the anonymity of the natural parents.

23 Pa.C.S. § 2905(b).

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). See also: *Cherry v. Pa. Higher Educ. Assistance*, 537 Pa. 186, 189, 642 A.2d 463, 465 (1994); *Hatfield v. Continental Imports, Inc.*, 530 Pa. 551, 560–561, 610 A.2d 446, 450–451 (1992);

*Gutman v. Worldwide Ins. Co.,* 428 Pa.Super. 309, 313, 630 A.2d 1263, 1265 (1993); *Bankers Trust Co. v. Foust,* 424 Pa.Super. 89, 96, 621 A.2d 1054, 1058 (1993), *allocatur denied,* 535 Pa. 635, 631 A.2d 1007 (1993). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). See also: *Walker v. Fennell,* 426 Pa.Super. 469, 472, 627 A.2d 771, 773 (1993); *Coy v. Ford Motor Credit Co.,* 422 Pa.Super. 76, 80, 618 A.2d 1024, 1026 (1993); *Commonwealth v. Reeb,* 406 Pa.Super. 28, 32, 593 A.2d 853, 855 (1991), *allocatur denied,* 530 Pa. 665, 610 A.2d 45 (1992); *Cooke v. Travelers Ins. Co.,* 350 Pa.Super. 467, 470, 504 A.2d 935, 936 (1986).

Adoption records were initially sealed to protect the best interests of the adoptee. At least during the adoptee's childhood, sealed records are generally considered by most authorities to be in the best interests of the adoptee. Some courts have found that the birth parents also have a constitutionally based privacy interest in keeping adoption records sealed. See: *Mills v. Atlantic City Dept. of Vital Statistics,* 148 N.J.Super. 302, 372 A.2d 646 (1977). Then, too, adoptive parents have an interest in keeping the record sealed, for after raising the child, they do not wish to lose their place in his or her life. Finally, the state has an interest in keeping adoption records sealed. It seeks to accomplish three goals: (1) to protect the welfare of the child; (2) to protect the adoptive family which the state has created; and (3) to ensure the integrity of the adoption process. See: Comment, "Severed Roots: The Sealed Adoption Records Controversy," by Arndt, 6 Northern Illinois University Law Review, 103 et seq. (1986).

In more recent years, there has been increased movement to open adoption records in whole or in part as more adoptees, whether for health or psychological reasons, seek to learn more about their biological parents. See: *Axelrod v. Laurino,* 145 Misc.2d 818, 548 N.Y.S.2d 405 (1989). It was in response to these concerns that the legislature enacted 23 Pa.C.S. § 2905(b). The general terms of the statute, however, leave much for interpretation by the courts, and it is readily appar-

ent that information which can be safely disclosed will have to be developed on a case by case basis.

In New York, the Public Health Law attempts to identify information which can safely be disclosed in the following manner:

"For the purposes of this section, the term 'non-identifying information' shall only include the following information, if known, concerning the parents of an adoptee:

(a) Age of the parents in years, at birth of such adoptee.

(b) Heritage of the parents, which shall include nationality, ethnic background and race.

(c) Education, which shall be the number of years of school completed by the parents at the time of birth of such adoptee.

(d) General physical appearance of the parents at the time of the birth of such adoptee, which shall include height, weight, color of hair, eyes, skin and other information of similar nature.

(e) Religion of parents.

(f) Occupation of parents.

(g) Health history of parents.

(h) Talents, hobbies and special interests of parents.

(i) Facts and circumstances relating the nature and cause of the adoption.

(j) Name of the authorized agency involved in such adoption.

Public Health Law § 4138–c, subd. 3(a)–(j). Similarly, a South Carolina statute provides as follows:

As used in this subsection "nonidentifying information" includes but is not limited to the following:

1. the health and medical histories of the biological parents;

2. the health and medical history of the adoptee;

3. the adoptee's general family background without name references or geographical designations; and

4. the length of time the adoptee has been in the care and custody of the adoptive parent.

Code 1976, § 20–7–1780(D). Finally, in Illinois, provision is made for the release of the following information to an adoptee who is at least 18 years of age:

(i) age of biological parents; (ii) their race, religion and ethnic background; (iii) general physical appearance of biological parents; (iv) their education, occupation, hobbies, interests and talents; (v) existence of any other children born to the biological parents; (vi) information about biological grandparents; reason for emigrating into the United States, if applicable, and country of origin; (vii) relationship between biological parents; and (viii) detailed medical and mental health histories of the child, the biological parents, and their immediate relatives. However, no information provided under this subsection shall disclose the name or last known address of the biological parents, grandparents, the siblings of the biological parents, or any other relative of the adopted.

750 ILCS § 50/18.4.

These statutes, obviously, have no controlling effect on the information to be divulged by a Pennsylvania court in response to a petition under the Pennsylvania statute. Because the issue in this appeal is one of first impression, however, and because the Pennsylvania statute offers so very little assistance to courts called upon to make these difficult decisions, this Court has looked to the New York, South Carolina and Illinois statutes for some guidance.

After making an independent review of the record in the adoption case, which record the hearing court properly impounded, we are able to make the following observations. First, the trial court has already disclosed the ages of appellant's biological parents insofar as such ages were disclosed at the adoption hearing. The religious persuasions of the biological parents, however, were incorrectly stated by the trial court. The record reveals that the biological mother was Presbyterian; and, although the father's religion was found by

the adoption court to be unknown, in at least one document his religion was alleged to be Catholic.

Secondly, we observe that the record of the adoption proceedings fails to contain a history of the health, education and occupation of the birth parents or of their personal characteristics, talents, hobbies or special interests.

Finally, there is additional information which, after careful consideration, we have determined to be subject to disclosure without endangering the continued anonymity of appellant's biological parents. This information includes the race of the birth parents, the general health of appellant at the time of her adoption, the general circumstances relating to the relationship between the biological parents and the reasons for the adoption and, finally, the length of time appellant was in the custody of the adoptive parents prior to adoption.

In view of the foregoing, we will vacate the order of the trial court and remand for the release of additional information as hereinbefore recited. With respect to the circumstances relating to the cause of the adoption, it is important that only general information be disclosed. Such general information, we believe, can be disclosed to appellant without any danger whatsoever to the continued anonymity of the birth parents.

The order of the trial court is vacated and the case is remanded to permit the trial court to disclose to appellant information appearing in the records of her adoption regarding the race of the birth parents, the general health of appellant at the time of her adoption, the general circumstances relating to the relationship between the biological parents and the reasons assigned for the adoption and, finally, the length of time appellant was in the custody of her adoptive parents prior to adoption. Jurisdiction is not retained.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring.

We respectfully concur. The majority correctly holds that the Pennsylvania Adoption Act mandates the court to furnish the adoptee with all information about the natural parents

save for that which would endanger their anonymity. The limited and erroneous information the Orphans' Court released falls short of living up to the spirit or the letter of the Act.

We write separately, however, to emphasize that we should not reverse a decision of the Orphans' Court without finding an abuse of discretion. *In re Estate of Braun,* 437 Pa.Super. 372, 650 A.2d 73 (1994); *In re Benson,* 419 Pa.Super. 582, 615 A.2d 792 (1992). Our standard of review bears repeating:

> Our standard of review from a final order of the Orphans' Court Division requires that we accord the findings of an Orphans' Court, sitting without a jury, the same weight and effect as the verdict of a jury; we will not disturb those findings absent manifest error; as an appellate court we can modify an Orphans' Court decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence.

*Id.* at 584, 615 A.2d at 793 (citations omitted). The majority, in its legitimate concern to dispense justice in a delicate area of first impression, has overlooked just how stringent is this standard. Accordingly, we would not remand this case to the Orphans' Court with instructions as specific as the majority here sets forth.

First, if our legislature wanted to have guidelines as categorical as those in the statutes of our sister states, it would have included them in the Adoption Act. It did not. The Orphans' Court judge, therefore, as the trier of fact, is to be given as much leeway in applying his discretion as possible. Quoting a statute as fully particularized as New York's may give the erroneous impression that our courts, when deciding what information should be released to an adoptee, should always take into account the laundry list of items specified in the majority's opinion. While this may not be the majority's intent, we write separately to clarify any confusion today's opinion may engender.

The majority writes that "because the Pennsylvania statute offers so very little assistance to courts called upon to make these difficult decisions, this Court has looked to the New York, South Carolina, and Illinois statutes for some guidance." Majority opinion at 7. On the contrary, the legislature has clearly spoken on this issue. The courts should release as much information as does not infringe upon the anonymity of the natural parents. What information that may specifically be is a determination within the sound discretion of the Orphans' Court.

Secondly, by itemizing the information the court should have released to appellant, we not only come perilously close to re-writing the Adoption Act, we also usurp some of the discretionary powers of the court below. An abuse of discretion is never simply a matter of an error in judgment, nor is it determined by merely our re-weighing of the evidence. *See* P.L.E. Appeals § 411. The Orphans' Court judge, as trier of fact, sits closer than we do to the parties involved and to the community from which the controversy arises, and can better determine what information might impermissibly reveal the identities of the natural parents.

Nevertheless, the Orphans' Court was exceedingly stingy, and inaccurate, in the information it did release. For these reasons, we would correct the erroneous information and remand for further consideration, but we would not cite a litany of particulars to be divulged to appellant unless the Orphans' Court failed, once again, to adequately support its reasons for not revealing to appellant any additional accurate information.