**In re the Matter of Kami L. LONG.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1999.

Filed Jan. 21, 2000.

Charles R. Rosamilia, Jr., Lock Haven, for appellant.

Before HUDOCK, EAKIN and MONTEMURO,* JJ.

EAKIN, J.:

¶ 1 Kami L. Long appeals from the order dismissing her petition to unseal her adoption records. Appellant seeks disclosure of the identity of her biological parents and their medical histories. In support of her petition, she submitted a letter from her physician who stressed the importance of obtaining a complete family medical history to diagnose and treat appellant's "recent complicated medical issues." Letter of Doctor Guise, 1/21/99. She also asserts she suffers from depression, panic attacks and similar psychological afflictions because of her lack of identity.

¶ 2 On April 15, 1999, the trial court heard testimony from appellant and her adoptive aunt. By order of April 19, 1999, the court stated:

The legislature has clearly provided, however, that any disclosure with respect to the identity of biological parents may be made only with the consent of those parents. Absent such consent, the disclosure of general information may be made only if such disclosure protects the anonymity of the birth parents.

Trial Court Order, 4/19/99, at 1. The court found appellant made her request in good faith, and had "legitimate reasons for wanting this" disclosure, but did not address whether she had shown cause for that disclosure. The court instead directed Gerald Rosamilia,[1] Director of Clinton County Children and Youth Social Services, to attempt to contact appellant's natural parents and determine whether either would agree to their identity to appellant. The court also directed Mr. Rosamilia to provide, in a manner that will not endanger the parents' anonymity (if they did not desire disclosure), certain information relating to their age, health, education, occupation and other general circumstances.

¶ 3 Mr. Rosamilia submitted a Memorandum dated April 29, 1999, reporting the biological mother would not consent to disclosure. Paternity was never established. Mr. Rosamilia reported limited general information about the mother and the circumstances of appellant's adoption. By order of May 3, 1999, the trial court denied appellant's petition to unseal the adoption records. This timely appeal followed.

¶ 4 Appellant raises as her sole issue the trial court's failure to address whether she demonstrated cause to allow her to inspect her adoption records. Our standard of review is as follows:

[We] accord the findings of an Orphans' Court, sitting without a jury, the same weight and effect as the verdict of a jury; we will not disturb those findings absent manifest error; as an appellate court we can modify an Orphans' Court decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence.

*Petition to Release Adoption Records*, 439 Pa.Super. 273, 653 A.2d 1254, 1258 (1995)(Olszewski, J., concurring).

¶ 5 Appellant's petition is governed by 23 Pa.C.S. Section 2905. Subsection (a) of that statute sets forth the general rule that adoption records are to be impounded ". . . except on an order of court granted upon cause shown or except as otherwise provided in this section." Subsection (b) authorizes the court to "furnish to the adoptee as much information concerning the adoptee's natural parents as will not endanger the anonymity of the natural parents." Subsection (c) authorizes the court's agent, to "attempt to contact the natural parents, if known, to obtain their consent to release their identity and present place of residence to the adoptee."

* Retired Justice assigned to Superior Court.

1. Appellant is represented by Attorney Charles Rosamilia; any relation to Gerald Rosamilia is not clear from the record.

¶ 6 Apart from the case cited above, our research discloses no guidance regarding application of Section 2905. In *Adoption Records, supra,* the adoptee did not seek disclosure of the identity of her birth parents; she petitioned for release of information that would not reveal their identity. Although holding information which can be safely disclosed may differ from case to case, we directed disclosure of the birth parents' race, the general health of the appellant at the time of her adoption, general information about the parents' relationship, reasons for the adoption and the length of time appellant was in the adoptive parents' custody prior to adoption. *Id.*, at 1257–58. Here, the trial court sought similar information, plus the ages, religions, health and personal characteristics of the parents, and had limited success in discovering such information.

¶ 7 This limited information is pertinent under subsections (b) and (c), but appellant maintains she is entitled to full disclosure under subsection (a). Appellant's petition did not expressly seek disclosure under any subsection, but under Section 2905 generally. Under subsection (a), the trial court was obliged to consider whether there was good cause to unseal the records despite the lack of consent by the biological parents.

¶ 8 On this sparse record, we cannot conclude definitively whether the trial court considered only the failure to consent, or if the court determined whether appellant demonstrated cause for disclosure under the general rule of subsection (a). The trial court's Rule 1925(a) statement consisted of one sentence: it would rely upon its brief discussion and order of April 19, 1999. The court's comments at the end of the April 15 hearing noted the lack of guidance by statute or case law, but suggested an intent to consider appellant's reasons in seeking disclosure, as well as the impact such disclosure would have on her birth mother (and siblings) and on the adoption process in general; indeed, there would appear to be no purpose to the evidentiary hearing if the parents' consent (or lack thereof) to disclosure were the only issue. Still, the court in its order of April 19 expressly stated it may only disclose the identity of appellant's biological parents upon their consent. The court either disregarded the "good cause" language of subsection (a) or concluded it did not apply in this case. In either event, the court failed to rule on whether appellant demonstrated cause sufficient to open the records.

¶ 9 We are certain the legislature wrestled long and hard with this complex area before enacting the statute, and we believe the learned trial court's original intention was the proper one. The adoptee must show there is good cause for unsealing; given the overriding privacy concerns of the adoption process and this statute, we believe this must be shown by clear and convincing evidence. Unsealing these important records is not to be lightly undertaken. The court must consider the ramifications to those specifically affected by that unsealing, including the adoptive and biological parents and their families, as well as the impact on the integrity of the adoption process in general. Only if the adoptee's need for the information clearly outweighs the considerations behind the statute may the records be unsealed.

¶ 10 Accordingly, we will vacate the trial court's order and remand for proceedings to determine whether appellant established by clear and convincing evidence that she had cause sufficient to justify release of material beyond that pertinent to subsections (b) and (c).

¶ 11 Order vacated; case remanded. Jurisdiction relinquished.