**In re ADOPTION OF S.B., a Minor,**

**Appeal of Y.N., Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 2009.

Filed Aug. 14, 2009.

Andrew D. Glasgow, Pittsburgh, for appellant.

Jennifer A. Staley, Pittsburgh, for appellee.

Lisa M. Colautti, Pittsburgh, for CYF, Participating Party.

Laura A. Maines, Pittsburgh, for G., K. and G., S., Participating Party.

BEFORE: MUSMANNO, DONOHUE and SHOGAN, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Y.N., the biological paternal aunt of S.B. (d/o/b 6/3/97), appeals from the Order of the Orphans' Court denying her Petition to unseal S.B.'s adoption records due to Y.N.'s lack of standing. We affirm, albeit upon a different basis.

¶ 2 The Orphans' Court set forth the underlying facts and procedural history of this case as follows:

This case involves the five-year journey of a child through the child welfare system. On June 18, 2003, the Office of Children Youth and Families (CYF) obtained an emergency custody order for S.B. CYF filed a [P]etition for dependency and on July 30, 2003, [the Orphans' Court] adjudicated the child dependent and ordered that S.B. remain in foster care. [S.B. was placed into foster care with the Appellees in the instant case (hereinafter "adoptive parents")]. On August 16, 2004, after the child had been in care for fifteen months and [his biological] parents had made little or no progress toward remedying the conditions that led to the child's removal and placement, the permanency goal was changed to adoption. Subsequently, on July 1, 2005, [the Orphans' Court] terminated the parental rights of the biological parents of S.B.

After parental rights were terminated, on July 20, 2005, nearly two years after S.B. was adjudicated dependent and nearly a year after the permanency goal was changed to adoption, [Y.N.] presented an [E]mergency [P]etition for special relief, requesting that S.B. be placed with her. Upon presentation, the [Emergency P]etition was scheduled for a hearing on September 7, 2005. On September 7, 2005, after a brief hearing and arguments of counsel, [the Orphans' Court] denied the [Emergency P]etition. Specifically, [the Orphans' Court] found that [S.B.] had been in his pre-adoptive foster home[, i.e., with the adoptive parents,] for nearly two years, that he had never resided with [Y.N.] and was bonded to his foster parents, and that remaining in the home of the foster parents was in the child's best interests.

On September 19, 2005, [Y.N.] filed an appeal of the September 7, 2005 order [denying her Emergency Petition]. The adoption of S.B. was finalized on Sep-

tember 20, 2005. On September 26, 2005, [the Orphans' Court] entered an order directing counsel for [Y.N.] to file a concise statement of matters complained of on appeal [pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)]. On December 13, 2005[,] [the Orphans' Court] filed an [O]pinion and requested dismissal of the appeal for failure of [Y.N.] to file a 1925(b) statement. On April 19, 2006[,] the Superior Court entered an order dismissing the appeal.

On September 6, 2005[,] CYF filed a[P]etition for adoption on behalf of S.B. On September 20, 2005, [the Orphans' Court] entered an adoption decree wherein S.B. became the adopted child of [the adoptive parents]. On September 10, 2008, more than three years after this adoption, [Y.N.] presented a[P]etition to unseal [S.B.'s adoption] record[, alleging that the adoptive parents, who are Turkish citizens residing in the United States, had committed a fraud upon the Orphans' Court during the adoption process by misrepresenting their immigration status]. Upon presentation of the [P]etition, a hearing was scheduled for October 20, 2008.

On October 20, 2008, after the hearing on the [P]etition to unseal [S.B.'s adoption] record, [the Orphans' Court] found that [Y.N.] lacked the necessary standing to intervene and to request that the adoption record of S.B. be unsealed. Accordingly, [the Orphans' Court] dismissed [Y.N.'s P]etition. This [timely] appeal follows.

Orphans' Court Opinion, 1/8/09, at 1–3 (footnotes omitted).

¶ 3 On appeal, Y.N. raises the following claims for our review:

I. Whether the [Orphans'] Court misapprehended and/or misapplied the law concerning standing for parties trying to unseal an adoption record[?]

II. Whether the [Orphans'] Court reached an erroneous legal conclusion that Y.N. does not have legal standing to petition the [Orphans'] Court to unseal S.B.'s adoption record[?]

Brief for Appellant at 6.[1]

¶ 4 Our standard of review of Y.N.'s claims is as follows:

We accord the findings of an Orphans' Court, sitting without a jury, the same weight and effect as the verdict of a jury; we will not disturb those findings absent manifest error; as an appellate court we can modify an Orphans' Court decree only if the findings upon which the decree rests are not supported by competent or adequate evidence or if there has been an error of law, an abuse of discretion, or a capricious disbelief of competent evidence.

*In re Long,* 745 A.2d 673, 674 (Pa.Super.2000) (citation and brackets omitted).

¶ 5 Y.N. contends that the Orphans' Court misapprehended and/or misapplied the law concerning standing for parties trying to unseal an adoption record. *See* Brief for Appellant at 15–20. Y.N. argues, *inter alia,* that the Orphans' Court improperly relied upon the wrong subsection of section 2905 of the Adoption Act,[2] governing the impounding of proceedings and access to adoption records, in concluding that Y.N. did not have standing. *Id.* at 16–17.

¶ 6 Specifically, Y.N. maintains that in its Opinion, the Orphans' Court relied

---

1. Since Y.N.'s claims are closely interrelated, we will address them simultaneously.

2. *See* 23 Pa.C.S.A. § 2905.

upon 23 Pa.C.S.A. § 2905(b) [3] in determining that "in order for [Y.N.] to have access to sealed records in adoption proceedings, she would have to be a party to the proceedings, an adoptive parent, or a legal guardian of the adoptee." *See* Brief for Appellant 15–16 (citing Orphans' Court Opinion, 1/8/09, at 4).[4] Based on the fact that Y.N. was not a party to the original dependency case or the adoption case and was not an adoptive parent or legal guardian of S.B., the Orphans' Court concluded that Y.N. had failed to demonstrate that she had standing to unseal S.B.'s adoption records under section 2905. Orphans' Court Opinion, 1/8/09, at 4.

¶ 7 According to Y.N., the Orphans' Court erred in applying section 2905(b), as that subsection, which pertains to supplying limited information to an adoptee about his or her natural parents, is irrele-

vant to the instant case since neither S.B. nor Y.N. is seeking such information. Brief for Appellant at 16. Y.N. maintains that the relevant provision is 23 Pa.C.S.A. § 2905(a).[5] Brief for Appellant at 17. We agree that the Orphans' Court should have applied section 2905(a).[6]

¶ 8 Section 2905(a) of title 23 provides that records relating to adoption shall be withheld from inspection "except on an order of court granted upon **cause shown[.]**" *Id.* (emphasis added); *In re Adoption of B.E.W.G. and S–L.W.G.*, 355 Pa.Super. 554, 513 A.2d 1061, 1065 (1986) (holding that where father who killed his wife had relinquished his children for adoption prior to his conviction, the maternal grandparents of the children, who had legal custody at the time of the adoption, had standing to petition to unseal the

---

**3.** Section 2905(b) provides as follows:

(b) PETITION TO COURT FOR LIMITED INFORMATION.—Upon petition **by any adoptee at least 18 years of age or, if less than 18, his adoptive parent or legal guardian** to the court in the judicial district in which the permanent records relating to the adoption have been impounded, the court shall furnish to the adoptee as much information concerning the adoptee's natural parents as will not endanger the anonymity of the natural parents. The information shall first be reviewed, in camera, by the court to insure that no information is revealed which would endanger the anonymity of the natural parents. The court shall, upon motion of the adoptee, examine the entire record to determine if any additional information can safely be revealed without endangering the anonymity of the natural parents.

23 Pa.C.S.A. § 2905(b) (emphasis added).

**4.** We note that in its Opinion, the Orphans' Court cited generally to 23 Pa.C.S.A. § 2905 following the above-mentioned sentence referenced by Y.N.; the court did not specifically cite to subsection (b).

**5.** Section 2905(a) provides as follows:

(a) GENERAL RULE.—All petitions, exhibits, reports, notes of testimony, decrees, and other papers pertaining to any proceed-

ing under this part or former statutes relating to adoption shall be kept in the files of the court as a permanent record thereof and withheld from inspection except on an order of court granted upon cause shown or except as otherwise provided in this section. In the case of an adult adoptee who is assuming a name under section 2904 (relating to name of adoptee), an order of court is not required for the court to forward to the Pennsylvania State Police documentation in accordance with 54 Pa.C.S. § 702 (relating to change by order of court). Any report required to be filed under sections 2530 (relating to home study and preplacement report), 2531 (relating to report of intention to adopt) and 2535 (relating to investigation) shall be made available to parties to an adoption proceeding only after all identifying names and addresses in the report have been extirpated by the court.

23 Pa.C.S.A. § 2905(a).

**6.** Although the Orphans' Court did not explicitly state that it based its conclusion that Y.N. lacked standing on subsection (b) of section 2905, it is clear that it did not apply subsection (a), the appropriate provision.

adoption records; this Court vacated the Orphans' Court's Order that held the grandparents lacked standing and directed that on remand, the Orphans' Court determine whether the grandparents had shown "cause" under section 2905(a) to unseal the records). Y.N. correctly points out that section 2905(a), unlike section 2905(b), provides no limitations as to who can petition the Orphans' Court to unseal an adoption record; it requires only "cause shown[.]" Brief for Appellant at 17; *see In re E.K.*, 53 D. & C.4th 384, 389 (Pa.Com.Pl.Northampton Cty.2001) (observing that "[s]ection 2905(a) does not preclude non-adoptees from petitioning for unsealing. The legislature recognized that circumstances may arise where good cause could be shown by others.").

¶ 9 The Adoption Act does not provide examples of what qualifies as "cause shown" under section 2905(a). Further, this Court has previously recognized the scarcity of case law guidance regarding the application of section 2905. *In re Long*, 745 A.2d at 675. In *In re Long*, this Court remanded to the Orphans' Court an adoptee's Petition to unseal her adoption records for medical reasons (seeking the disclosure of the identity and medical histories of her biological parents for the purpose of treating her legitimate medical issues) to determine whether she had shown cause sufficient to justify release of the information under section 2905(a). *In re Long*, 745 A.2d at 675. The Court, however, provided the following guidance as to the application of section 2905(a):

> We are certain the legislature wrestled long and hard with this complex area before enacting the statute.... The adoptee must show there is *good cause*[7] for unsealing; given the overriding privacy concerns of the adoption process and this statute, we believe **this must be shown by *clear and convincing evidence*. Unsealing these important records is not to be lightly undertaken.** The court must consider the ramifications to those specifically affected by that unsealing, including the adoptive and biological parents and their families, as well as the impact on the integrity of the adoption process in general. Only if the adoptee's need for the information clearly outweighs the considerations behind the statute may the records be unsealed.

*In re Long*, 745 A.2d at 675 (footnote and emphasis added). As the above language indicates, courts apply a very stringent standard in determining whether a petitioner, even an adoptee herself, should be allowed to open sealed adoption records.

¶ 10 Although the Orphans' Court here failed to apply section 2905(a) and rule on whether Y.N. demonstrated cause sufficient to justify unsealing S.B.'s adoption records, we conclude that Y.N. did not show the requisite cause.[8]

¶ 11 Y.N. asserts that the Orphans' Court granted the adoption of S.B. to the adoptive parents based on misrepresenta-

---

7. We note that although the *In re Long* Court uses the language "good cause[,]" section 2905(a) requires "cause shown[.]" *See In re B.E.W.G.*, 513 A.2d at 1065 (suggesting that "cause shown" may be a lower standard than "good cause"). Our review of the limited case law in this area, however, reveals no significant discrepancy between the above-mentioned standards, and that the two are used interchangeably.

8. It is well-settled that this Court may affirm on any valid basis. *See Evans v. Sodexho*, 946 A.2d 733, 740, n. 7 (Pa.Super.2008). Accordingly, we address Y.N.'s claims under section 2905(a), and do not affirm on the basis of the Orphans' Court's determination that Y.N. lacked standing.

tions that they allegedly made to the court during the adoption proceedings. *See* Brief for Appellant at 7–8, 11–12. Specifically, Y.N. contends that *"[m]ost likely*, [the adoptive parents] assured the [Orphans'] Court that they would be issued 'green cards' (a U.S. permanent resident card) in the near future." *Id.* at 11 (emphasis added). According to Y.N., "[m]ost likely, [the adoptive parents] failed to inform the [Orphans'] Court that their visas to stay in the U.S. had expired six years earlier on December 31, 1999." *Id.* (emphasis omitted). Y.N. further sets forth in her appellate brief several other alleged misrepresentations that she speculates the adoptive parents "most likely" made to the Orphans' Court.[9] *See id.* at 11–12.

¶ 12 Y.N. seeks to unseal S.B.'s adoption records to substantiate the above-mentioned allegations and asserts that the Orphans' Court "would not [have] permit[ted] the adoption[ ] if it knew all of the facts surrounding [the adoptive parents'] very uncertain rights to stay in the United States." *Id.* at 12. Y.N. states that if S.B.'s adoption records are unsealed and she discovers evidence of fraud upon investigation, she intends to petition the Orphans' Court to vacate S.B.'s adoption; Y.N. indicates that she would thereafter petition to adopt S.B. *Id.* at 8.

¶ 13 The adoptive parents counter that they legally resided in the United States at all times relevant to the proceedings before the Orphans' Court. Brief for Appellees at 4. The adoptive parents maintain that they entered the United States legally and that at the time of the adoption proceedings in 2005, they had pending a petition that would grant them permanent residence in the United States. *Id.* at 3–4. According to the adoptive parents, no final order has been issued regarding their immigration status to date. *Id.* at 4.

¶ 14 Upon our thorough review of the record, we determine that Y.N. has failed to show good cause to unseal S.B.'s adoption records by clear and convincing evidence. *See In re Long*, 745 A.2d at 675. The requisite cause under section 2905(a) is certainly more than speculative allegations of fraud[10] and requests to open sealed records to conduct a fishing expedition. *See In re E.K.*, 53 D. & C.4th at 389–90 (holding that cause to unseal adoption records was shown by clear and convincing evidence where the adult petitioner sought the identity of his full brother, who was previously placed for adoption by their natural parents, based on the fact that petitioner's only hope for a cure for his terminal cancer was a bone marrow transplant and petitioner's brother provided the best hope for compatible marrow, and

---

**9.** We note that in support of the above-mentioned allegations of fraud, Y.N. attached as exhibits to her Petition to unseal S.B.'s adoption records several documents regarding removal/deportation proceedings that the Department of Homeland Security apparently initiated against S.B.'s adoptive parents in December 2007, which Y.N. obtained via a request for information under the Freedom of Information Act. *See* Petition to Unseal Record, 10/20/2008, Exhibits A–E; *see also* Brief for Appellant at 8 n. 2. Significantly, however, all of these documents post-date the adoptive parents' adoption of S.B. in September 2005. Only one of these documents references a time period prior to the 2005 adoption, pro-

viding, *inter alia*, as follows: "You [*i.e.*, S.B.'s adoptive father] failed to maintain status or to comply with the conditions of your change of status in that on 12/31/1999 your IAP–66 expired." Petition to Unseal Record, 10/20/2008, Exhibit C.

**10.** Although we have carefully reviewed all of the documents attached to Y.N.'s Petition to unseal S.B.'s adoption records, none of these documents indicate that S.B.'s adoptive parents had committed a fraud upon the Orphans' Court at any point during the adoption proceedings.

thus, petitioner's best hope for life).[11]

¶ 15 At the October 20, 2008 hearing on Y.N.'s Petition to unseal S.B.'s adoption records, the Orphans' Court heard argument from Y.N.'s attorney and his allegations of the fraud that the adoptive parents had purportedly committed on the court. *See N.T.,* 10/20/08, at 6–7, 11–12. At this hearing, the attorney for CYF stated that even if the Orphans' Court addressed the merits of Y.N.'s allegations of fraud, "CYF would be ready and willing to show that the adoption that took place before th[e Orphans'] Court contained no fraud and that it was fully investigated and should be held sacrosanct."[12] *Id.* at 10. Also, although the Orphans' Court did not invoke the "cause shown" language under section 2905(a) at the hearing when denying Y.N.'s Petition to unseal the records (and largely analyzed the Petition under a standing analysis), a review of the Notes of Testimony reveals that the court did not find that the adoptive parents had committed a fraud on the court. *See id.* at 12–18.

¶ 16 In reaching our conclusion, we find that the following facts are also persuasive: Y.N. petitioned to unseal the records *three years after* S.B.'s adoption; S.B. has resided with his adoptive parents for over six years; the Orphans' Court considered Y.N.'s Emergency Petition to intervene prior to S.B.'s adoption and determined

that it would not be in S.B.'s best interests to be placed with Y.N. (and this Court dismissed Y.N.'s appeal); Y.N. never filed a petition to adopt S.B. despite being afforded the opportunity to do so; and Y.N. has never had legal or physical custody of S.B.

¶ 17 Based on the foregoing, we conclude that Y.N. has failed to show the requisite cause to unseal S.B.'s adoption records under section 2905(a) of the Adoption Act, and the Orphans' Court thus properly denied Y.N.'s Petition.

¶ 18 Order affirmed.

---

**11.** We further note that in the two Superior Court cases discussed above in which this Court remanded to the Orphans' Court to determine whether the petitioners had demonstrated cause sufficient to open the respective adoption records, *see In re Long, supra* and *In re B.E.W.G., supra,* the petitioners therein had established a much stronger showing of good cause than Y.N. has in the instant case.

**12.** Indeed, in a "Homestudy" report filed by an Adoption Caseworker on behalf of CYF prior to S.B.'s adoption, the Caseworker noted that S.B.'s adoptive father specifically

alerted him as to the adoptive parents' immigration status prior to their adoption of S.B. *See* Homestudy, 9/6/05, at 1–2. Specifically, the Caseworker stated as follows:

[The adoptive father] used his computer and logged on to the internet and showed this [C]aseworker how he is able to track the progress of his family's application for citizenship on the U.S. Citizenship and Immigration Services website. [The adoptive father] *believes* that his family will be issued green cards in approximately December 2005.

*Id.* (emphasis added).